UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| **Jason Grayson,** ) | **COMPLAINT** |
| ) | |
| **Plaintiff,** ) | **Civil Action No. _____** |
| ) | |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| **Equifax Information Services, LLC,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## COMPLAINT

1.   This is an action brought by the Plaintiff, Jason Grayson, for actual, statutory, and punitive damages, attorney's fees, and costs for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq,* (hereinafter "FCRA").

2.   The FCRA exists to protect consumers' privacy and to impose upon those who trade in consumers' private information strict requirements to ensure that the information they report is as accurate as possible.

3.   The FCRA likewise demands that consumers' disputes of inaccurate information be taken seriously by the consumer reporting agencies, requiring that they do much more than simply pass information between themselves and furnishers of information electronically without actually investigating the substance of a consumer's dispute and consider all information available in conducting such investigations.

## JURISDICTION AND VENUE

4.   This Court has Jurisdiction under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C.

§1681p, and 28 U.S.C. §1331 and §1332.

5.     Venue is proper in the Florence Division because the Plaintiff resides in Horry County and the Defendant transacted business in this division.

## PARTIES

6.     The Plaintiff, Jason Grayson, is a resident and citizen of the State of South Carolina, Horry County, and is over the age of twenty-one (21) years.

7.     Defendant Equifax Information Services, LLC ("Equifax") is a Georgia corporation registered to do business in South Carolina with the South Carolina Secretary of State. Defendant Equifax may be served with process through its registered agent for service of process, Corporation Service Company, 508 Meeting Street, West Columbia, SC 29169. Defendant Equifax was in all respects and at all times relevant herein doing business in the state of South Carolina.

8.     Defendant Equifax is a credit reporting agency as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a.

9.     Defendant Equifax's acts and omissions alleged herein are in violation of the Fair Credit Reporting Act which requires Defendant to provide a consumer a complete copy of their credit file upon request, to follow reasonable procedures to assure maximum possible accuracy of the information concerning the Plaintiff's credit file, and which requires the Defendant to conduct a reasonable re-investigation of disputed information received from the Plaintiff.

10.    The Plaintiff alleges that Defendant repeatedly failed to delete and suppress

erroneous, false, misleading, or inaccurate information from the Plaintiff's credit file, mixed the Plaintiff's credit file with that of another consumer, and/or completely removed Plaintiff's credit file, replacing his with another individual and reporting said other individual's credit as belonging to Plaintiff.

## FACTUAL ALLEGATIONS

11.  In 2021, Plaintiff resided in Murrells Inlet, South Carolina.

12.  While residing at 4586 Lomax Court, Plaintiff began receiving mail addressed to a "Jason Lawhon."

13.  In March 2021, Plaintiff went to Kraft Credit Union to refinance an auto loan in order to reduce his car payments. At that time, the loan officer told Plaintiff there was something going on with his credit reports, so Plaintiff did not qualify for the best rate available.

14.  As Plaintiff does not have credit cards and did not need any other credit at the time, he did not look into his Equifax credit report in 2021.

15.  However, beginning in March 2022, Plaintiff was in the market to purchase a new home. In April, Plaintiff and his wife found a home they wanted to purchase, and Plaintiff applied for a mortgage with an APR of 3.25% through First Trust Mortgage.

16.  Plaintiff was unable to get the home loan through First Trust Mortgage because his Equifax credit file was mixed with a Jason Lawhon.

17.  Plaintiff immediately began calling Equifax to dispute the incorrect information that was reporting on his credit file.

3

18. In July 2022, Plaintiff applied for and was approved for a mortgage on the new home through Quicken Loans. While the loan was at a 5.5% APR, 2.25% higher than the original loan, he was approved.

19. Because Plaintiff was approved for the mortgage in July 2022, Plaintiff believed the errors on his Equifax credit report had been corrected by Equifax.

20. On September 1, 2022, Plaintiff obtained a copy of his Equifax credit report, and it was reporting Plaintiff's credit score as 729. Additionally, all of the account information was correct, and it did not contain any incorrect names. While one incorrect address was reporting as a previous address, all of the other incorrect addresses had been removed.

21. In early May 2023, Plaintiff wanted to buy a used 2012 Audi A4 he had found at a car dealership in North Carolina. Plaintiff applied for the loan but was denied because of his credit report.

22. The dealer told Plaintiff about Credit Karma and told him he needed to get his Equifax credit report.

23. On or about May 10, 2023, Plaintiff checked his credit score online through Credit Karma. At that time, Equifax was reporting Plaintiff's credit score as 537. When Plaintiff reviewed his Equifax credit report, the name "Jason Lawhon" was reporting, and all of the addresses being reported belonged to "Lawhon." In fact, the entire Equifax credit report Plaintiff reviewed appeared to belong to "Lawhon." None of Plaintiff's accounts were being reported on his Equifax credit report.

24. On or about May 10, 2023, Plaintiff mailed a letter to Equifax by way of certified

mail requesting a copy of his complete credit report. In his letter, Plaintiff provided Defendant with his name, Social Security number, date of birth, and address. Plaintiff also informed Defendant that he had tried to obtain a copy of his credit report online but had not been able to do so and asked that a copy of his credit file be sent to him.

25.    Defendant received Plaintiff's letter on May 16, 2023.

26.    On or about May 17, 2023, Defendant sent Plaintiff a letter stating Equifax had received Plaintiff's request for a copy of his credit file, but that they would need additional information to verify his identity and address.  Defendant specifically asked Plaintiff to provide  "a letter with your **full name, social security number, current address, and your date of birth**." (emphasis added).

27.    On or about May 31, 2023, by way of certified mail, Plaintiff mailed Defendant a copy of Defendant's May 17th letter, together with copies of his driver's license, his social security card, and a utility bill.

28.    Defendant received Plaintiff's letter on June 6, 2023.

29.    That same day, Defendant forwarded Plaintiff a copy of its alleged reinvestigation results, wherein Defendant stated that Plaintiff's name, address, social security number, and date of birth were reporting correctly.

30.    On or about June 7, 2023, Plaintiff also did an online dispute with Equifax to get all of the names, addresses, and accounts belonging to Jason Lawhon removed.

31.    While the credit report provided by Defendant to Plaintiff on June 6, 2023, contained Plaintiff's correct name, address, date of birth and accounts, Defendant continued

to report inaccurate information as belonging to Plaintiff to numerous third parties.

32.　On August 18, 2023, Plaintiff checked his Equifax credit report through Credit Karma and saw that it contained numerous accounts that did not belong to him, including a collection account. This credit report was showing Plaintiff's name as Jason Lawhon, listed five addresses which all apparently belonged to Lawhon, as none of them were Plaintiff's addresses, showed incorrect employment information, and listed a hard inquiry for credit for which Plaintiff did not apply. At that same time, Defendant was reporting Plaintiff's credit score as 537.

33.　In October 2023, Plaintiff applied for a loan with his bank in the amount of $20,000 to buy a car, but Plaintiff's loan was denied due to his credit report.

34.　As of the date of the filing of this Complaint, Defendant continues to have the Plaintiff's credit file mixed with that of another individual, and to issue false, inaccurate credit reports to third parties which have harmed Plaintiff's reputation and caused him damages.

### COUNT ONE
### FCRA - 15 U.S.C. §1681n

35.　The Plaintiff adopts the averments and allegations of paragraphs 11 through 34 hereinbefore as if fully set forth herein.

36.　Defendant maintains and distributes credit data files on the Plaintiff's credit.

37.　Defendant willfully failed to comply with the requirements imposed under the FCRA, 15 U.S.C. §1681 et seq., including but not limited to: (a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in

consumer reports, as required by 15 U.S.C. §1681e(b); (b) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i; (c) providing Plaintiff's credit file to companies without determining that these companies had a permissible purpose to obtain Plaintiff's credit file pursuant to 15 U.S.C. §1681b; and (d) failing to provide Plaintiff his credit file pursuant to 15 U.S.C. §1681g.

38. The Plaintiff further alleges that Defendant repeatedly failed to delete and suppress erroneous, false, misleading, and/or inaccurate information from the Plaintiff's credit file.

39. Due to Defendant's willful failure to comply with the requirements of the Fair Credit Reporting Act, the Plaintiff is entitled to statutory damages.

40. As a result of Defendant's violations of the FCRA, the Plaintiff has suffered, continues to suffer, and will suffer future damages, including denial of credit, increased costs of credit, lost opportunities to receive credit, damage to reputation, worry, anxiety, physical sickness, physical pain, headaches, loss of sleep, distress, frustration, embarrassment, and humiliation. Plaintiff is entitled to actual damages in an amount to be determined by the jury.

41. In addition, the Plaintiff has incurred litigation expenses and attorneys' fees which, but for the acts and omissions of Defendant alleged herein, would not have been necessary.

42. Plaintiff is entitled to attorneys' fees, pursuant to 15 U.S.C. §1681o(a)(2).

43. Further, Defendant's acts and omissions were willful and demonstrate a reckless disregard for the Plaintiff's rights. Therefore Defendant is liable to the Plaintiff for punitive damages in an amount to be determined by the jury.

## COUNT TWO
## FCRA 15 U.S.C. §1681o

44.     The Plaintiff adopts the averments and allegations of paragraphs 11 through 43 hereinbefore as if fully set forth herein.

45.     Defendant negligently failed to comply with the requirements imposed under the FCRA, 15 U.S.C. §1681 et seq., including but not limited to: (a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e(b); (b) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i; (c) providing Plaintiff's credit file to companies without determining that these companies had a permissible purpose to obtain Plaintiff's credit file pursuant to 15 U.S.C. §1681b; and (d) failing to provide Plaintiff her credit file pursuant to 15 U.S.C. §1681g.

46.     Defendant repeatedly failed to delete and suppress erroneous, false, misleading, and/or inaccurate information from the Plaintiff's credit file.

47.     As a result of Defendant's violations of the FCRA, the Plaintiff has suffered, continues to suffer, and will suffer future damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, anxiety, physical sickness, physical pain, headaches, loss of sleep, distress, frustration, embarrassment, and humiliation.  Plaintiff is entitled to actual damages in an amount to be determined by the jury.

48.     In addition, the Plaintiff has incurred litigation expenses and attorneys' fees which, but for the acts and omissions of Defendant alleged herein, would not have been necessary.

49.     Plaintiff is entitled to attorney fees, pursuant to 15 U.S.C. §1681n(a).

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against the Defendant for the following:

A.     Actual and statutory damages from Defendant pursuant to 15 U.S.C. §1681n(a)(1)(A) and/or 15 U.S.C. §1681o(a)(1);

B.     Punitive damages from Defendant pursuant to 15 U.S.C. §1681n(a)(2);

C.     Costs and reasonable attorney's fees from Defendant pursuant to 15 U.S.C. §1681n(a)(3) and/or 15 U.S.C. §1681o(a)(2); and

D.     For such other and further relief as the Court may deem just and proper.

/s/ *Penny Hays Cauley*
Penny Hays Cauley, Fed ID #10323
**HAYS CAULEY, P.C.**
1303 West Evans Street
Florence, SC 29501
(843) 665-1717
phc917@hayscauley.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS**

/s/ *Penny Hays Cauley*
Penny Hays Cauley

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL:**
Equifax Information Services, LLC
c/o - Corporation Service Company - Registered Agent
508 Meeting Street
West Columbia, SC 29169